[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 147.]

OFFICE OF DISCIPLINARY COUNSEL *v*. LUTCHIN.

[Cite as *Disciplinary Counsel v. Lutchin*, 2001-Ohio-1304.]

*Attorneys at law—Misconduct—Permanent disbarment—Failing to prepare and file client's income tax returns for 1994 and 1995, not informing client of failure to do so, and not requesting an extension for filing the returns— Failing to cooperate with Office of Disciplinary Counsel—Failing to respond to Disciplinary Counsel's subpoenas—Failing to attend to Supreme Court's orders.*

(No. 01-744—Submitted May 30, 2001—Decided August 15, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-63.

_____

*Per Curiam.*

{¶ 1} On July 19, 2000, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, Howard L. Lutchin of Cincinnati, Ohio, Attorney Registration No. 0031539, with several violations of the Code of Professional Responsibility. Respondent failed to answer and the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") referred relator's motion for default to Master Commissioner John R. Milligan pursuant to Gov.Bar R.V(6)(F)(2).

{¶ 2} Based on the complaint and the affidavits attached to the motion for default, the master commissioner found that in 1994, Kenneth Rengering retained respondent to prepare and file his income tax returns for that calendar year and forwarded the necessary information to him. Respondent failed to prepare or file the returns and did not inform Rengering that he neither filed the returns nor requested an extension for filing them. In 1995, Rengering again retained

respondent to prepare and file his income tax returns, this time for the calendar year 1995, and forwarded the necessary information to him. Again, respondent failed to prepare or file the returns, failed to request an extension, and failed to inform Rengering of these omissions. In May 1997, the United States Department of Treasury advised Rengering that his returns for 1994 and 1995 were delinquent.

{¶ 3} After Rengering filed a grievance with relator in July 1997, relator sent a letter of inquiry to respondent, who did not reply. Relator then contacted respondent by telephone, and respondent indicated that he would reply to the letter of inquiry by August 25, 1997. Respondent did not reply and did not reply to a second letter sent by relator.

{¶ 4} Respondent failed to appear for a December 8, 1997 deposition after being served with a subpoena, and then again failed to appear for the rescheduled deposition set for December 19, 1997, after being served with another subpoena and agreeing to appear. Respondent did not appear for a deposition on February 18, 1998, after being served with a third subpoena. Although having agreed to do so after being called by relator, respondent failed to attend a fourth scheduled deposition on February 26, 1998. Relator then telephoned respondent, who requested an opportunity to appear and selected the date of March 5, 1998, for the deposition. Although relator again telephoned respondent on March 4, 1998, to remind him of the deposition the next day, respondent failed to appear for the deposition.

{¶ 5} On May 27, 1998, we issued an order for respondent to show cause why he should not be held in contempt for these failures to appear. *Disciplinary Counsel v. Lutchin* (1998), 82 Ohio St.3d 1420, 694 N.E.2d 466. Respondent did not file a response, and on August 5, 1998, we found him in contempt of court and suspended him from the practice of law. *Disciplinary Counsel v. Lutchin* (1998), 83 Ohio St.3d 1401, 697 N.E.2d 664. On April 6, 2000, we found respondent in

contempt for failure to file an affidavit of compliance with our previous order. *Disciplinary Counsel v. Lutchin* (2000), 88 Ohio St.3d 1461, 726 N.E.2d 1000.

**{¶ 6}** The master commissioner further found that respondent failed to register with the Office of Attorney Registration of the Supreme Court of Ohio for the 1999-2000 biennium.

**{¶ 7}** The master commissioner concluded that respondent's failure to act for his client, his failures to cooperate with relator and respond to relator's subpoenas, and his failure to attend to our orders violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 2-106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee), 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 7-101(A)(3) (a lawyer shall not prejudice or damage his client during the course of the professional relationship), and 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled). He also concluded that respondent had violated Gov.Bar R. VI(1)(D) (an attorney shall keep the Attorney Registration Office apprised of his current residence address), and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). The master commissioner recommended that the respondent be permanently disbarred from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the master commissioner.

**{¶ 8}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

——————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kenneth R. Donchatz*, Assistant Disciplinary Counsel, for relator.

——————————